| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANTOINE MARTIN,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**The City of New York, NYPD Officers John and Jane Does 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown).**<br><br>      **Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 15-cv-5087 |

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York and NYPD Officers John and Jane Does 1 through 10, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for the Does' failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## **JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

1

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Antoine Martin ("Plaintiff" or "Mr. Martin") is a 24 year old African-American man and a resident of New York County in the City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. NYPD Officers John Does 1-10 are members of the NYPD who were involved in the arrest of Plaintiff on October 12, 2013. Defendant Officers John Does 1-10 are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On the early morning of October 12, 2013, Plaintiff was walking near his home when a marked NYPD car pulled up near him; officers jumping out of the car with their hands on their guns. Scared, Plaintiff ran.

9. The Officers caught up to Plaintiff and hit him with their asps upon Plaintiff's back and right leg, causing pain in Plaintiff's back and swelling to his leg.

10. Plaintiff asked the officers why he was being stopped and they responded that he was being arrested for resisting arrest.

11. Plaintiff was taken to the 28th Precinct for processing.

12. Next, Plaintiff was transported to St. Luke's Hospital for medical treatment due to the injuries he suffered at the hands of the NYPD Officers.

13. Thereafter, Plaintiff was taken to Central Booking for arraignment.

14. Once before the Criminal Court Judge at arraignment, Plaintiff learned that he was being charged with violating NY PL§160.10, Robbery in the Second Degree, a Class C Felony.

15. Bail was set in an amount Plaintiff could not post and so he was transported to Rikers Island.

16. On October 17, 2013, Plaintiff's 180.80 day, the Robbery in the Second Degree criminal charge, which had been levied against Plaintiff was dismissed, and bail was exonerated.

17. However, Plaintiff now had a remaining criminal charge of assault in the third degree, and since the robbery arrest had caused him to violate parole, he had a parole hold, $1 bail.

18. Plaintiff was therefore transported back to Rikers Island.

19. Plaintiff continued to appear in criminal court concerning the remaining criminal charge of assault in the third degree.

20. After a few months had passed, Plaintiff remaining on Rikers Island, his parole hold was lifted and he posted the $1 bail, and was released from Rikers Island.

21. The criminal matter pending against Plaintiff proceeded until April 2, 2015, when the remaining misdemeanor criminal charge against Plaintiff, assault in the third degree was dismissed.

22. As a result of the defendants' actions, Plaintiff suffered an unlawful detention, loss of liberty, physical injuries, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation – all to his detriment.

## FIRST CLAIM
### *Unlawful Stop and Search*

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion to believe he had committed a crime.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

26. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, physical injury, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation – all to his detriment.

## SECOND CLAIM
### *False Arrest*

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### *Failure to Intervene*

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants John Does 1-10 were present and had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

4

32. Accordingly, Defendant John Does 1-10 who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### *UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

1. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

2. Defendants violated the Fourth and Fourteenth Amendments when they used excessive force against Plaintiff by hitting him with an asp, injuring his back and right leg.

3. In so doing, defendants acted unreasonably in the force they used against Plaintiff and caused injury to Plaintiff, requiring a hospital visit and medical attention.

4. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *MALICIOUS PROSECUTION UNDER §1983*

5. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

6. Defendant Officers John Does 1-10 maliciously misrepresented to the New York County District Attorney's Office that Plaintiff had violated the law and committed the crime of Robbery in the Second Degree.

7. Defendant Officers John Does 1-10 forwarded false information to the Manhattan District Attorney's Office to initiate a criminal proceeding against Plaintiff and it terminated in Plaintiff's favor.

8. There was no probable cause for Plaintiff's arrest for robbery and he suffered a post-arraignment deprivation of liberty.

9. In this regard, Defendant John Does 1-10 were not motivated to serve justice and their actions were malicious.

10. The criminal charges filed against Plaintiff were ultimately dismissed.

11. Accordingly, Defendant John Does 1-10 are liable to Plaintiff under §1983 for malicious prosecution.

### SIXTH CLAIM
*MONELL CLAIM*

12. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

13. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

14. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

15. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

16. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive

force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

17. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

18. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

19. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

20. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

21. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

22. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and physical injury – all to his detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated: June 29, 2015
     New York, NY

                              s/Michael J. Redenburg
                              Michael J. Redenburg (NY #MR4662)
                              MICHAEL J. REDENBURG, ESQ. PC
                              11 Park Place, Suite 817
                              New York, NY 10007
                              mredenburg@mjrlaw-ny.com
                              1-212-240-9465 (Phone)
                              1-917-591-1667 (Fax)